IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

P.B.,

    **Plaintiff,**

v.                                           Civil Action Number: 2:25-cv-00510

**ARAMARK FOOD SERVICE CORPORATION,**
**ARAMARK CORRECTIONAL SERVICE, LLC**
**MARCUS BLANKENSHIP, and**
**JOHN/JANE DOE(S)**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, P.B., by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, P.B., (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia. At the time of the incidents described herein, Plaintiff was incarcerated at Huttonsville Correctional Center (herein after "HCC") and has exhausted his administrative remedies and is no longer incarcerated.

2. West Virginia Division of Corrections (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia.

3. Defendant, Marcus Blankenship, was an employee of Aramark Food Service Corporation, hereinafter "Aramark". Defendant Aramark is a food service business that contracted with the WVDCR to provide such services. Defendant Aramark is a corporation with its principle place of business outside the State of West Virginia and does business throughout the state of West Virginia. Upon information and belief, Marcus Blankenship did not receive the requisite training

1

prior to being exposed to inmates such as Plaintiff.

4.     Defendant Aramark Correctional Services, LLC, is a foreign company that is licensed to do business in West Virginia and its designated office is in Charleston, West Virginia. Aramark Corrections does continuous and systematic business in Charleston, Kanawha County, West Virginia. Defendant Aramark Food Service Corporation is a is a foreign company that is licensed to do business in West Virginia. Aramark does continuous and systematic business in Charleston, Kanawha County West Virginia (hereinafter both entities will be referred to as Aramark).  As such, Aramark is subject to jurisdiction and venue before this court.

5.     Defendant John/Jane Doe(s) were correctional officers employed by the WVDCR and/or were employees of Aramark. By policy, these Defendants were responsible to carry out their duties in a manner to provide for the safety and security of inmates.  John/Jane Does both witnessed and were informed by plaintiff that he was inappropriately harassed and touched by Defendant Blankenship. Despite being on notice of this information, Defendant John/Jane Does failed to report or investigate the allegations of inappropriate sexual conduct made by Plaintiff, in violation of W.Va. Code and WVDCR Policy and Procedures.  Defendant John/Jane Does' conduct was reckless, outrageous and/or deliberately indifferent to the well-being and safety of plaintiff.

6.     The willful and intentional acts and omissions of the defendants directly resulted in plaintiff being sexually harassed and abused on multiple occasions.  Plaintiff affirmatively states that he has exhausted all administrative remedies.  Plaintiff further asserts that he is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein.

7.     All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

8. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 7 as if set forth herein.

9. At all times relevant herein, Plaintiff was an inmate at Huttonsville Correctional Center. Plaintiff had a job in the kitchen at HCC.

10. As an inmate of the WVDCR, Plaintiff worked under the authority and supervision of Defendant Blankenship who acted, at all times pertinent hereto, as an agent and contract employee of the WVDCR and provided food services on behalf of Defendant Aramark.

11. During Plaintiff's incarceration, Aramark, by and through its officer, agent, and employee Blankenship, subjected Plaintiff to unwanted sexual harassment and inappropriate physical/sexual contact.

12. On or about October of 2023, Defendant Blankenship sexually harassed and assaulted plaintiff in the freezer area of the prison. Defendant Blankenship threatened plaintiff if he revealed this conduct and further gave plaintiff cigarettes in exchange for his silence.

13. Defendant Does, in violation of West Virginia Division of Corrections and Rehabilitation Policy Directive 430.00 failed to take any steps to stop or investigate the sexual misconduct of Blankenship. Pursuant to WVDCR Policy Directive 430.00 there is zero tolerance for any acts of sexual abuse, misconduct or harassment between inmates and employees or contractors.

14. Prior to the inappropriate sexual conduct by Blankenship, Aramark personnel were on notice that Defendant Blankenship had been inappropriate towards plaintiff and other inmates. Prior to the events described herein, Defendant Blankenship had made numerous comments to Plaintiff about wanting to have sexual relations with him and other inappropriate sexual comments.

Plaintiff reported this conduct to other correctional officers, including Defendant Doe(s), who refused to investigate the matter or refer the matter for investigation. Despite said knowledge, the WVDCR and Aramark and their employees took no action to intervene or respond to the inappropriate conduct.

15. Plaintiff was at all relevant times in fear of having a bad review or report from Defendant Blankenship. Plaintiff believed that an adverse report could result in a poor review and failure to achieve a timely release.

16. Plaintiff filed a grievance related to these incidents, this matter was investigated and substantiated and Defendant Blankenship was terminated from employment.

17. Defendants' actions have caused Plaintiff severe emotional and mental injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

## COUNT I - OUTRAGEOUS CONDUCT

18. Plaintiff incorporates by reference and realleges each and every allegation contained in the above Paragraphs as if set forth herein.

19. Defendant John/Jane Does' knowledge of Defendant Blankenship's conduct and failure to report, investigate, act and intervene is outrageous. The willful and intentional failure to report, investigate, act and intervene is outrageous and unconscionable conduct. The willful and intentional failure to act occurred despite the knowledge that severe emotional distress and sexual assault was certain to occur.

20. Defendant Blankenship's sexual misconduct and harassment of Plaintiff was also outrageous given his position of authority over plaintiff. Defendant Blankenship knew or should have known that severe emotional distress was certain, or substantially certain, to result from his

inappropriate sexual contact and harassment of Plaintiff.

21. Defendant Blankenship's sexual contact with and harassment of Plaintiff constitutes extreme and outrageous conduct and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

22. Defendants Does' failure to act constitutes extreme and outrageous conduct and has resulted in plaintiff suffering severe emotional distress. The Defendants' outrageous conduct resulted in Plaintiff suffering severe emotional distress and injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

## COUNT II – BATTERY BY DEFENDANT BLANKENSHIP

23. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 though 22 as if set for herein.

24. Defendant Blankenship's conduct of offensive and unwanted sexual physical contact with and harassment of Plaintiff constitutes battery.

25. Defendant Blankenship's battery of Plaintiff caused Plaintiff to suffer severe emotional distress. By allowing the battery to occur, Defendant Aramark employees violated Policy Directives which are in place to protect plaintiff from harm.

26. Defendant Blankenship's sexual contact with and harassment of Plaintiff constitutes battery and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

5

## COUNT III -RECKLESS/GROSS NEGLIGENCE/SUPERVISION TRAINING/HIRING

27. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 26 as if set forth herein.

28. Defendant Aramark failed to properly train, supervise and screen Defendant Blankenship prior to hiring him and placing him in contact with inmates.

29. Defendant Aramark had a duty to protect plaintiff from inappropriate sexual conduct and harassment of its employees while plaintiff was incarcerated in the facility. Despite said duty, Defendant Aramark negligently and/or recklessly failed to fulfill their duty when multiple PREA and industry hiring standards were violated. Specifically, Defendant Aramark failed to properly vet Defendant Blankenship and then failed to provide adequate training regarding sexual harassment and its prohibition in the workplace. Blankenship also had supervisors employed by Aramark that suspected Blankenship was participating in wrongful conduct but failed to act, investigate or intervene. The defendants had a duty to intervene but failed to act.

30. As a direct and proximate result of this negligent, grossly negligent and/or reckless conduct, plaintiff was subjected to inappropriate sexual conduct. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights.

## COUNT IV -DELIBERATE INDIFFERENCE-VIOLATION OF 42 USC §1983

31. Plaintiff incorporates by reference and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

32. Defendants John/Jane Does were at all times herein acting under the color of state

law and are being sued in their individual capacities.

33. Defendants John/Jane Does acted with deliberate indifference when they witnessed, heard and allowed plaintiff to be sexually harassed and abused without intervening. Defendant Does witnessed and were informed of the sexual harassment and had a duty to protect plaintiff from sexual misconduct by another employee. Defendants were informed of the sexual harassment and had a duty to protect plaintiff from sexual misconduct by another employee. Defendants Does knew that the sexual harassment and abuse presented a risk of serious emotional injury to Plaintiff.

34. Defendant Does acted with deliberate indifference when they failed to intervene on Plaintiff's behalf, to report the sexual harassment/misconduct, or follow any of the PREA policies and procedures in place to protect inmates such as Plaintiff from sexual harassment/abuse. Defendant Does were further deliberately indifferent by failing to intervene, discipline, or report the actions of Defendant Blankenship. Due to the failure of Defendant Does to take any meaningful action to protect Plaintiff, Defendant Does were directly and a proximate cause for Plaintiff being sexually harassed/abused and injured.

35. This deliberate conduct and indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy 430.00.

36. Defendant Does acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 by failing to intervene when plaintiff was being sexually harassed/abused. Moreover, Defendant Does would have known through the training and legal precedent that their conduct (deliberate indifference to a dangerous condition), was a violation of plaintiff's constitutional rights under the Eight Amendment. Defendant Does had firsthand knowledge of the dangerous condition created by Defendant Blankenship, as well as an opportunity to act and

prevent plaintiff from being harmed.

37. Defendant Does' conduct is a failure-to-protect. Their conduct satisfies the two prongs of the legal standard established by Federal Courts. The first is objective, requiring that the prisoner has suffered "a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)(internal quotation marks omitted). The second is subjective, requiring that the prison official have demonstrated "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Although that standard "entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Specifically, deliberate indifference "requires that a prison official actually know of and disregard an objectively serious . . . risk of harm." *De'Lonta,* 330 F. 3d at 634.

38. Plaintiff suffered a serious and significant emotional injury as a result of the conduct of the Defendants. Moreover, Defendant Does were deliberately indifferent to Plaintiff's health and safety when they failed to report both observed sexual misconduct as well as receiving verbal reports of the misconduct from plaintiff.

39. The acts and omissions of Defendant Does as described herein violated the Eighth Amendment to the Constitution of the United States of America and gives rise to the action against Defendant Does. Defendant Does through their training and legal precedent knew that they had a duty to protect inmates from harm. Defendant Does were aware of the misconduct and were in a position to intervene.

40. As a direct and proximate result of the deliberate indifference of Defendant Does toward plaintiff, plaintiff incurred severe emotional injury, pain and suffering and severe

emotional distress. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

41. The actions of Defendant Does were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

## COUNT V- VIOLATION OF 42 USC §1983 BY DEFENDANT BLANKENSHIP

42. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 41 as if set forth herein.

43. Defendant Blankenship's conduct of subjecting Plaintiff to inappropriate physical and sexual contact was done to Plaintiff under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendant Blankenship used his position of authority over plaintiff to inappropriately touch and have sexual contact with Plaintiff while Plaintiff was incarcerated. Defendant Blankenship knew that severe emotional distress was certain, or substantially certain, to result from the inappropriate sexual contact and harassment of Plaintiff. Defendant's conduct was completely inappropriate and is cruel and unusual punishment.

44. Defendant Blankenship's sexual misconduct and harassment of Plaintiff was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. The conduct as described herein was unwarranted, illegal and amounts to cruel and unusual punishment. "There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation." *Jackson v. Holley*, No. 16-6896 (4th Cir. Nov 18, 2016).

45. The conduct of Defendant Blankenship was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law. Defendant Blankenship would have known that his conduct violated plaintiff's constitutional rights as a result of legal precedent.

46. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT VI - VICARIOUS LIABILITY

47. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 46 as if fully set forth herein.

48. Defendant Aramark is vicariously liable for the conduct of its Doe employees under the doctrine of respondeat superior, as the individuals were acting within the scope of their employment and at the time the inappropriate or negligent acts described herein occurred as described in Counts I, II and III of this Complaint. Moreover, Defendant Does were responsible for ensuring compliance with policy directives and reporting requirements in place to ensure the safety and wellbeing of inmates.

49. The actions of Does occurred while they were working for Aramark as an officers, agents, and/or employees and were acting within the scope of their employment during the events described herein for the allegations set forth in this Complaint. Plaintiff asserts that Defendant Does' conduct was within the scope of their authority and for the employer's benefit.

50.  Plaintiff suffered serious emotional injury and physical distress from the conduct described herein. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the individual defendants as well as attorney's fees and costs. Defendant Aramark is vicariously liable for Defendant Does' conduct because they were acting within the general scope of their employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff requests such other and further relief as this Honorable Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

P.B.,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329
(304) 346-0197
paulstroeb@aol.com